# United States District Court
for the
# District of Alaska
Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Franklin Humm                               Case Number: A02-0103 CR (HRH)

Sentencing Judicial Officer:      H. Russel Holland, Senior U.S. District Court Judge

Date of Original Sentence:        January 8, 2005

Original Offense:                 Possession/Distribution of Controlled Substance

Original Sentence:                Credit for time served on imprisonment, 4 years supervised release

Date Supervision Commenced:       January 8, 2004

Asst. U.S. Attorney: Thomas Bradley                Defense Attorney: James Gilmore

---

### PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | The defendant has violated the Mandatory Condition of Supervision, "The defendant shall refrain from unlawful use of controlled substances and shall submit to one drug test within 15 days of release on supervision and at least two periodic tests thereafter, not to exceed 12 tests per month at the direction of the probation officer," in that on October 13, 2006, the defendant reported to the U.S. Probation/Pretrial Services office to submit a urine sample, at which time the defendant had in his possession a bottle containing to what appeared to be urine, not his own, in an effort to thwart the direction of the probation officer to submit a valid urine sample. This violation is a Grade C violation. |
| 2 | The defendant has violated standard condition 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician," in that on October 13, 2006, the defendant submitted a urine sample positive for cocaine, opiates, and oxycontin. The defendant admitted to using cocaine on Tuesday, October 10, 2006. This violation is a Grade C violation. |

-1-

*Petition for Warrant or Summons*
*Name of Offender       :    Franklin Humm*
*Case Number            :    A02-0103 CR (HRH)*

U.S. Probation Officer Recommendation:

    The term of supervised release should be:

        [X]    Revoked
        [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:


                                          Respectfully submitted,

                                          REDACTED SIGNATURE

                                          Chris Liedike
                                          U.S. Probation/Pretrial Services Officer
                                          Date: October 13, 2006

Approved by:

REDACTED SIGNATURE
Eric D. Odegard
Supervising U.S. Probation Officer


THE COURT ORDERS

[X]    *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]    The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]    Other:

*Petition for Warrant or Summons*
*Name of Offender* : Franklin Humm
*Case Number* : A02-0103 CR (HRH)

**REDACTED SIGNATURE**

_____
H. Russel Holland
Senior U.S. District Court Judge

10/13/06
_____
Date


**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

Case 3:02-cr-00083-HRH   Document 236   Filed 10/13/2006   Page 3 of 5

# United States District Court
for the
# DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case Number: A02-0103-16 CR (HRH) |
| vs. | ) | DECLARATION IN SUPPORT OF PETITION |
| Franklin Humm | ) | |

I, Chris Liedike, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Franklin Humm, and in that capacity declare as follows:

On January 8, 2004, the Court sentenced the offender to 13 months imprisonment (i.e. time served) and 48 months supervised release. The court imposed the mandatory, standard, as well as several conditions of supervised release.

On January 9, 2004, the conditions of supervision were explained to the offender.

On April 25, 2006, the offender submitted a urine sample that tested negative, however, a clear plastic bottle containing urine was found in the drug testing laboratory, which the defendant admitted was his and which contained another person's urine. The offender admitted to using cocaine on April 22, 2006, and admitted to attempting to thwart the drug testing process with the bottle of urine.

On May 31, 2006, this officer was contacted by the defendant's employer and informed that defendant had been fired from Sampson Steel Inc. on or about May 26, 2006, due to a positive urinalysis for cocaine. On June 1, 2006 and June 2, 2006, this officer contacted the defendant and discussed his employment, which the defendant failed to inform that he was no longer employed until finally being confronted about being fired from Sampson Steel Inc.

On June 1, 2006, the defendant submitted a urine sample that tested positive for cocaine, at which time the defendant admitted to this officer that he last used cocaine approximately two days prior and admitted using cocaine two to three times a week for the past two weeks. On June 2, 2006, the defendant admitted to this officer that he has used cocaine at his residence on a couple of occasions while participating in the home confinement program, that included electronic monitoring, due to a previous violation of his supervised release. At that time the offender agreed to a modification of his supervised release to include being placed in a halfway house for a period of time not to exceed 60 days, which the Court ordered (Docket 1218).

On October 13, 2006, the offender reported to the U.S. Probation/Pretrial Services office to submit a urine sample, at which time the defendant had in his possession a bottle containing to what appeared to be urine, not his own, in an effort to thwart the direction of the probation officer to submit a valid urine sample. The defendant stated that the liquid in the bottle was not urine but just a yellow liquid. Subsequently, the offender submitted a valid urine sample, which tested positive for cocaine, oxycontin, and opiates. The offender also admitted to recently using cocaine.

Executed this 13th of October 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

REDACTED SIGNATURE

Chris Liedike
U.S. Probation Officer