PROB 12C
(7/93)

# United States District Court
## for the
# District of Alaska

### Petition for Warrant or Summons for Offender Under Supervised Release

RECEIVED
DEC 11 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

Name of Offender: Franklin Humm                    Case Number: 3:02-cr-00103-16-HRH

Sentencing Judicial Officer:        H. Russel Holland, Senior U.S. District Court Judge

Date of Original Sentence:          January 8, 2005

Original Offense:                   Possession/Distribution of Controlled Substance

Original Sentence:                  Credit for time served on imprisonment, 4 years supervised release

Date Supervision Commenced:         January 8, 2004

Asst. U.S. Attorney: Thomas Bradley                Defense Attorney: James Gilmore

---

### PETITIONING THE COURT

[X]  To issue a warrant
[ ]  To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Special Condition of Supervision "The defendant shall reside at a community corrections center for a term of up to 120 consecutive days commencing November 22, 2006. The defendant shall comply with the rules and regulations of the center and may have available work release privileges from the center. Once the defendant has secured viable employment and established a suitable and verified residence the U.S. Probation Officer has leave to effect the defendant's release from the Community Correctional Center," in that on December 8, 2006, the defendant reported to the community correctional center that he was leaving the center for employment purposes at specified locations and was found not to be at the reported locations. The defendant's whereabouts during the time period were unknown. This violation is a Grade C violation. |
| 2 | The defendant has violated the Standard Condition of Supervision 3, "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer," in that on December 8, 2006, the defendant provided false information to his probation officer concerning employment. This violation is a Grade C violation. |

Petition for Warrant or Summons
Name of Offender      :    Franklin Humm
Case Number           :    3:02-cr-00103-16-HRH

| | |
|---|---|
| 3 | The defendant has violated the Standard Condition of Supervision 9, "The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer," in that on November 1, 2006, this officer advised the defendant not to have contact with his brother, Corey Dodge, who is a felon and on December 4, 2006, the defendant had contact with Corey Dodge. This violation is a Grade C violation. |
| 4 | The defendant has violated the Special Condition of Supervision "The defendant shall reside at a community corrections center for a term of up to 120 consecutive days commencing November 22, 2006. The defendant shall comply with the rules and regulations of the center and may have available work release privileges from the center. Once the defendant has secured viable employment and established a suitable and verified residence the U.S. Probation Officer has leave to effect the defendant's release from the Community Correctional Center," in that on December 4, 2006, the defendant was released from the community correctional center for work and was found to be at an unapproved location, New Sagaya, after leaving his employment. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]    Revoked
    [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]   The conditions of supervised release should be modified as follows:

Respectfully submitted,

**REDACTED SIGNATURE**

Chris Liedike
U.S. Probation/Pretrial Services Officer
Date: December 11, 2006

Approved by:

**REDACTED SIGNATURE**

Eric D. Odegard
Supervising U.S. Probation Officer

-2-

Petition for Warrant or Summons
Name of Offender      :      Franklin Humm
Case Number           :      3:02-cr-00103-16-HRH

THE COURT ORDERS

[X]  *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]  The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]  Other:

**REDACTED SIGNATURE**

H. Russel Holland
Senior U.S. District Court Judge

12/11/06
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio*, 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

-3-

# United States District Court
### for the
# DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | Case Number: A02-0103-16 CR (HRH) |
| vs. | ) ) ) | DECLARATION IN SUPPORT OF PETITION |
| Franklin Humm | ) ) ) |  |

I, Chris Liedike, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Franklin Humm, and in that capacity declare as follows:

On January 8, 2004, the Court sentenced the offender to 13 months imprisonment (i.e. time served) and 48 months supervised release. The Court imposed the mandatory, standard, and several conditions of supervised release.

On January 9, 2004, the conditions of supervision were explained to the offender.

On April 25, 2006, the defendant admitted to possessing a clear plastic bottle containing urine, not of his own to , and also admitted to using cocaine on April 22, 2006.

On May 31, 2006, this officer was contacted by the defendant's employer and informed that defendant had been fired from Sampson Steel Inc. on or about May 26, 2006, due to a positive urinalysis for cocaine. On June 1, 2006 and June 2, 2006, this officer contacted the defendant and discussed his employment, which the defendant failed to inform that he was no longer employed until finally being confronted about being fired from Sampson Steel Inc.

On April 27, 2006, the defendant agreed to modify his conditions of supervised release due to the above mentioned violations, which was approved by the Honorable H. Russel Holland, to participate in the home confinement program during non-working hours for a 30 day consecutive period which included electronic monitoring. The defendant completed this condition.

On May 25, 2006, the defendant completed a substance abuse assessment and it was recommended that the defendant participate in an outpatient treatment program. The defendant began the outpatient treatment program on June 1, 2006. According to a monthly treatment report dated September 30, 2006, the defendant appeared to be doing well in the program.

On June 1, 2006, the defendant submitted a urine sample that tested positive for cocaine, at which time the defendant admitted to this officer that he last used cocaine approximately two

HUMM, Franklin
*Declaration in Support of Petition*

days prior and admitted using cocaine two to three times a week for the past two weeks. On June 2, 2006, the defendant admitted to this officer that he has used cocaine at his residence on a couple of occasions while participating in the home confinement program, that included electronic monitoring, due to a previous violation of his supervised release. At that time the offender agreed to a modification of his supervised release to include being placed in a halfway house for a period of time not to exceed 60 days, which the Court ordered (Docket 1218). The defendant completed his 60 days at the Cordova Center.

On October 13, 2006, the offender reported to the U.S. Probation/Pretrial Services Office to submit a urine sample, at which time the defendant had in his possession a bottle containing what appeared to be urine, not his own, in an apparent effort to thwart the direction of the probation officer to submit a valid urine sample. The defendant stated that the liquid in the bottle was not urine but just a yellow liquid. Subsequently, the offender submitted a valid urine sample, which tested positive for cocaine, oxycontin, and opiates. The offender also admitted to recently using cocaine.

On October 30, 2006, the offender was assessed for mental health treatment and was directed to begin mental health treatment at that time.

On November 1, 2006, this officer spoke with the offender regarding not having anymore contact with his brother, Corey Dodge, a felon, due to the offender's situation and that he needed to get his life straightened out first before trying to help his brother out with his issues.

On November 22, 2006, the offender's Judgment was amended due to the above-mentioned violations. The offender's conditions were modified to include 1) "The defendant shall participate in and fully cooperated with either or both inpatient or outpatient mental health treatment programs approved and ordered by the U.S. Probation Officer"; and 2) "The defendant shall reside at a community corrections center for a term of up to 120 consecutive days

commencing November 22, 2006. The defendant shall comply with the rules and regulations of the center and may have available work release privileges from the center. Once the defendant has secured viable employment and established a suitable and verified residence the U.S. Probation Officer has leave to effect the defendant's release from the Community Correctional Center."

On December 5, 2006, this officer was contacted by the Anchorage Police Department reporting that the offender was arrested for Shoplifting at New Sagaya and has been subpoenaed to appear for this charge. On December 6, 2006, this officer received a phone message from the defendant stating that it was his brother, Corey Dodge, who had been arrested for Shoplifting and that his brother gave the officers the offender's name.

2

HUMM, Franklin
*Declaration in Support of Petition*

On December 8, 2006, this officer met with the security officer at New Sagaya and showed him a photo line up that included a photo of the offender and of Corey Dodge, and the officer identified Corey Dodge as the shoplifter. This officer went to the Cordova Center to meet with the offender regarding this matter but was informed that the offender had checked out to Lynden Transport for a "road test" and his contact was Rick Jobe. This officer proceeded to Lynden Transportation and met with Rick Jobe who reported that the offender had submitted an Application for Employment on December 6, 2006, but reported that he has not seen the offender and verified through two other individuals, who would have been in contact with the offender for a road test, that the offender was not there and has not been there. Furthermore, Mr. Jobe reported that on the Application for Employment, the offender reported "no" to the question of "Have you ever been convicted of a felony or released from incarceration within the last 7 years?" Later on this date, this officer met with the offender concerning the situation with New Sagaya, and the offender reported that he had met his brother there because he had not seen him in a while and was going to have lunch with him. According to the offender, he then left due to his brother getting into trouble. This officer again discussed that Humm is not to have contact with his brother, Corey Dodge, who is a felon, and that we previously discussed that he is not to have contact with his brother.

This officer informed the offender that this officer had heard he had a road test that afternoon with Lynden, which the offender acknowledged that he did. This officer then asked the offender how the test went and the offender replied that it went well. This officer asked the offender if it was an actual driving test, a written test, or combination of both, and the offender replied that it was just a driving test to make sure that the driver knew how to drive the truck and not "grind the gears."

On December 11, 2006, this officer spoke with the Federal Case Manager, Jennifer Ramsey, with the Cordova Center, who reported giving the offender an incident report due to violating the center rules and regulations due to not being present at a location where he reported being on December 4, 2006, and December 8, 2006. At the request of this officer, the defendant was allowed to continue residing at the center.

Executed this 13th of October 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

REDACTED SIGNATURE

Chris Liedike
U.S. Probation Officer

3