Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>FRANKLIN HUMM,<br><br>    Defendant. | Case No. 3:02-cr-0103-HRH<br><br>DEFENDANT'S<br>PREDISPOSITION BRIEF |

      Defendant, Franklin Humm, by and through counsel Michael Dieni, Assistant Federal Defender, submits his brief in aid of the court for disposition now set for January 25, 2007. Mr. Humm intends to request a disposition of "time-served," combined with an opportunity to fulfill the previously set conditions of supervision and to continue with the mental health counseling that began in October 2006. His request is consistent with the purposes of supervision and the relatively minor nature of the violations presently before the court. The history is summarized as follows.

      Mr. Humm began supervision on January 8, 2004, when he received a "time-served" sentence. At the time, he had finished approximately 13 months of incarceration

in the relatively harsh setting of a pretrial facility where he obtained no access to programs such as drug counseling.  In 2006, more than a year later, Mr. Humm demonstrated substance abuse problems.  On April 27, 2006, as an initial response, Mr. Humm agreed to a modification of his supervised release to include a short period of home confinement.  Later, in June 2006, he agreed to a second modification that included sixty days in a halfway house to be served in conjunction with an outpatient treatment program.  Though Mr. Humm completed the program, he did not succeed in staying clear of drugs.  On October 13, 2006, he submitted a false UA sample.  The government responded by filing the first formal petition to revoke supervised release.

In November 2006, the parties and this court agreed that the conditions of supervision should be modified to include mental health counseling.  Mr. Humm had been released to a halfway house on October 16, 2006, but he was under strict conditions to stay in the halfway house and was not allowed to leave to look for work.  Finally, November 22, 2006, the court agreed to a formal order adding mental health counseling and requiring Mr. Humm to continue to reside in the halfway house.  The purpose of the halfway house, however, was not further punishment.  Rather, the purpose agreed to by all of the parties was to get Mr. Humm on his feet, by providing him a structured place to stay while he got a job and saved some money.

During the time Mr. Humm resided in the halfway house from October up to the present violation, which resulted in his arrest December 8, 2006, Mr. Humm participated in mental health counseling through "RITE."  His counselor was Megan Wilts.  He attended approximately five group sessions and two individual session.

During the week of December 1, 2006, Probation Officer Chris Liedike discovered that Mr. Humm had not followed all of the requirements of the halfway house. In the process of trying to find a job, during daytime hours, Mr. Humm had gone places other than those he had declared to the halfway house, and he had attempted to have dinner with his brother, which violated the conditions of supervision because his brother is a convicted felon and the dinner meeting was not authorized by the halfway house. When initially confronted by Mr. Liedike with these violations, Mr. Humm was untruthful.

There is no evidence of criminal conduct. Rather, it seems, Mr. Humm fudged on the halfway house rules by seeing friends and family. The halfway house became aware of these violations on or about December 5, 2006. They verbally reprimanded Mr. Humm, but did not kick him out.

On December 8, Mr. Humm was arrested solely as a result of this petition. Now pending before this court is the second formal petition to revoke. Mr. Humm has committed no new violations of law, and there is no reason to believe he has reverted to the use of illegal drugs. (Mr. Humm was required to give UAs at the halfway house.)

At the hearing now set for January 25, 2007, Mr. Humm plans to address the court. He is adamant that he wishes to continue on supervision. His chief reason is that he realizes that he has mental health issues, and he believes that he could make a great deal of personal progress if allowed to continue in counseling with Ms. Wilts at RITE. He wishes to apologize to Mr. Liedike for the deception. He will assert that he meant no one any harm.

In aid of the argument for continued supervision, Ms. Wilts has been subpoenaed for the disposition hearing. She is expected to acknowledge that Mr. Humm was not completely honest with her, especially about the recent violations, but that there is a basis to continue with counseling. It is believed that she will say that she sees potential for improvement in Mr. Humm, and that it is too early to close the book.

*Conclusion*

This court has broad discretion. By the time of the hearing, Mr. Humm will have been in custody for over six weeks. He believes he can do well with counseling. He does not feel that he needs to continue to reside in a halfway house. He has always been able to find employment, and he has friends he can reside with until he gets on his feet. He will request the opportunity to try to do so.

DATED this 23rd day of January, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on January 23, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Thomas Bradley, Esq.

and a copy was served by facsimile on:

Probation Officer Chris Liedike
(907) 271-3060

/s/ Michael D. Dieni