# United States District Court
## for the
## District of Alaska



RECEIVED
SEP 13 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Franklin Humm     Case Number: 3:02-cr-00103-16-HRH

Sentencing Judicial Officer:    H. Russel Holland, Senior U.S. District Court Judge

Date of Original Sentence:    January 8, 2005

Original Offense:    Possession/Distribution of Controlled Substance

Original Sentence:    Credit for time served on imprisonment, 4 years supervised release

Date Supervision Commenced:    January 8, 2004

Asst. U.S. Attorney: Thomas Bradley     Defense Attorney: James Gilmore

---

### PETITIONING THE COURT

[X]    To issue a warrant
[ ]    To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated Standard Condition of Supervision 3: "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer" in that on June 28, 2007, the defendant reported to the probation officer that he could not make it to the probation office for a scheduled urine test. Therefore, the probation officer excused the defendant from reporting on June 28, 2007, as scheduled, and instructed the defendant to report instead on June 29, 2007. On June 29, 2007, the defendant failed to report for a drug test as instructed. This violation is a Grade C violation. |
| 2 | The defendant has violated Standard Condition of Supervision 3, "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer," in that on the defendant's written monthly report for August 2007, when asked *If changed jobs or terminated, state when and why* the defendant responded, "to much stress." The defendant provided no additional information in written form and on September 7, 2007, the defendant reported orally that he quit his job over "stress" having made no mention of being terminated by his employer. On September 11, 2007, the probation officer contacted the defendant's former employer, Pacific Movers, and was informed that the defendant had been terminated on August 16, 2007. This violation is a Grade C violation. |

| | |
|---|---|
| 3 | The defendant has violated the Standard Condition of Supervision 9, "The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer," in that the defendant admitted to law enforcement on or about June 29, 2007, that he had been having contact with a drug dealer who is also a felon. This violation is a Grade C violation. |
| 4 | The defendant has violated Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime," in that on September 11, 2007, the probation officer contacted the defendant's former employer, Pacific Movers, and was informed that the defendant had been terminated on August 16, 2007. The defendant's termination was based on suspicion of theft from the company. Specifically, the defendant's employer alleged that the defendant made unauthorized use of the company gasoline card and stole gasoline. These allegations were supported by camera and/or video surveillance. According to the defendant's supervisor, three thefts occurred on September 1, 2007, all of which was reported to the Anchorage Police Department. At a minimum, three thefts were perpetrated by the defendant on September 1, 2007, which are violations of Alaska Statute (AS) 11.46.140(a), a class A misdemeanor . This violation is a Grade C violation. |
| 5 | The defendant has violated Mandatory Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician," in that the defendant admitted to using cocaine on or about June 29, 2007, and signed an admission on July 9, 2007. This violation is a Grade C violation. |
| 6 | The defendant has violated Mandatory Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician," in that on September 9, 2007, the defendant submitted a urine sample positive for cocaine. The defendant admitted to using cocaine the prior day and signed an admission on September 9, 2007. This violation is a Grade C violation. |
| 7 | The defendant has violated Mandatory Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician," in that on September 9, 2007, the defendant submitted a urine sample positive for marijuana. The defendant admitted to using marijuana the prior day and signed an admission on September 9, 2007. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

[X]   Revoked
[ ]   Extended for _____ year(s), for a total term of _____ years.

[ ]   The conditions of supervised release should be modified as follows:


Respectfully submitted,

REDACTED SIGNATURE

Timothy M. Astle
U.S. Probation/Pretrial Services Officer
Date: September 12, 2007

Approved by:

REDACTED SIGNATURE

Eric D. Odegard
Supervising U.S. Probation Officer


THE COURT ORDERS

[X]   *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

[ ]   The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   Other:

*Petition for Warrant or Summons*
*Name of Offender        :        Franklin Humm*
*Case Number             :        3:02-cr-00103-16-HRH*



H. Russel Holland
Senior U.S. District Court Judge

Date 9/13/07

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) <br> ) <br> ) <br> vs. ) <br> ) <br> ) <br> Franklin Humm_____ ) | Case Number: A02-0103-16 CR (HRH) <br><br> DECLARATION IN SUPPORT OF PETITION |

I, Tim Astle, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Franklin Humm, and in that capacity declare as follows:

On January 8, 2005, the defendant was sentenced to credit for time served on imprisonment, 14 months of pretrial incarceration, and four years supervised release for a class B Felony conviction of Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), and 846. On January 9, 2004, the conditions of supervised release were reviewed with the defendant.

On January 26, 2007, the defendant was sentenced for violating conditions of his supervised release and sentenced to five months imprisonment with 43 months of supervised release re-imposed. The Court also ordered that the standard conditions of supervision and any special conditions of supervision contained in the court's original judgment and the court's amended judgment shall remain in effect.

On May 4, 2007, the defendant was released from the custody of the Bureau of Prisons (BOP) back to supervised release in this district. Based on the lack of a stable residence and an almost immediate return to cocaine use, discovered through a urinalysis test, a modification of conditions was initiated to include a condition for placement at a Residential Reentry Center (RRC) for up to 120 days. On or about May 22, 2007 the defendant entered the Cordova RRC. However, it was discovered that the defendant would only be able to reside at the RRC until approximately June 7, 2007, as another individual, a separatee, would be arriving at the facility via the BOP. On June 6, 2007, the defendant moved into his own residence.

On June 28, 2007, the defendant contacted his newly assigned U.S. Probation Officer (USPO) Tim Astle via telephone and asked if he could report for a urinalysis test on Friday, June 29, instead of Thursday, June 28, 2007 due to his needing to be at work from 6:00 a.m. to 6:00 p.m. USPO Astle approved the defendant's request and instructed the defendant to report to the probation office and provide a UA on Friday, June 29, 2007.

Memorandum
*Franklin Humm - A02-0103-16 CR (HRH)*

On June 29, 2007, the defendant failed to report to the probation office and provide a urinalysis specimen for testing.

The probation officer purposefully did not contact the defendant on Monday, July 2, 2007, based on a scheduled meeting with agents of the Federal Bureau of Investigations (FBI) assigned to the Safe Streets Task Force who had contacted the probation officer and reported that they had information on the defendant. According to the agents, on the evening of June 29, 2007, agents made contact with the defendant in the community. According to the agents, they observed what they thought to be a drug buy involving the defendant. Shortly after what they viewed to be a drug exchange, the agents conducted a traffic stop on the defendant at which time no drugs were found, but a small baggie with what appeared to be teeth marks on it was found in the defendant's vehicle. The defendant was questioned and released.

On July 3, 2007, the defendant reported to the probation office for a scheduled urinalysis test and tested negative for all tested substances; the defendant was not seen by USPO Astle. However, the defendant completed a written Monthly Report in which he reported that he had police contact on June 29, 2007, about, "a person I know." However, the defendant failed to report any additional information about this contact with law enforcement.

On July 9, 2007, the defendant reported to the probation office and met with USPO Astle. The defendant was informed of violations for failing to report for a urine test on June 29, 2007, failing to follow this officers instructions to report for a urine test, and possessing/consuming cocaine, to which he had already signed an admission form on June 29, 2007. The defendant was also reminded that contact with law enforcement should be reported immediately. The defendant was informed that he was in violation status and that he must comply with his Court-ordered conditions of release making sure to keep his probation officer well informed, if not over informed.

On August 15, 2007, USPO Astle was informed by counselor Megan Wilts of Rational Insight and Treatment Enterprises (RITE) that the defendant successfully completed the recommended mental health counseling regiment of six individual sessions, to which the defendant attended five sessions. No further treatment was noted on the discharge summary, but in a telephonic conversation, Ms. Wilts informed the probation officer that she was, "cautiously optimistic" about the defendant.

On September 6, 2007, USPO Astle and USPO Michael Pentangelo contacted the defendant at his home. Based on the defendant's demeanor, appearance, and responses to USPO Astle's questions, USPO Astle asked the defendant when he last used any drugs. Initially, the defendant denied any use, without making eye contact with USPO Astle. However, upon a second inquiry, the defendant admitted to using cocaine earlier in the day due to stressors in

Memorandum
*Franklin Humm - A02-0103-16 CR (HRH)*

his life and other factors. After speaking to the defendant for a few moments about his relapse and other issues, the defendant was instructed to report to the probation officer the following morning to provide a urine specimen for testing and meet with this officer.

On September 7, 2007, the defendant reported to the probation officer, provided a urine specimen which tested positive for cocaine and marijuana, and signed a voluntary admission to his drug use. The defendant also informed USPO Astle that he had quit his job over the stress of having to supervise over 65 drivers, but that he had another job already lined up and had just taken a urine test for that job the prior morning for his relapse. Informed the defendant that this officer had not yet had the opportunity to discuss the defendant's case with SUSPO Odegard, but informed the defendant that after discussing these most recent violations with SUSPO Odegard, this officer would contact the defendant.

On September 11, 2007, the USPO Astle contacted the defendant's former supervisor with Pacific Movers to verify the defendant's statement that he quit his job. According the defendant's supervisor as well as the vice president and general manager of Pacific Movers, the defendant fired approximately a month prior for using the company gas card to fill up personal vehicles with gas, all of which was captured on camera and/or video, and all of which was reported to the Anchorage Police Department as theft.

Executed this $12^h$ day of September, 2007, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

REDACTED SIGNATURE
_____
Timothy M. Astle
U.S. Probation Officer

3